**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MISTY TILGHMAN,

     Plaintiff - Appellant,

v.

RON KIRBY, individually; and
COMANCHE COUNTY
COMMISSIONERS,

     Defendants - Appellees.

No. 16-6010
(D.C. No. 5:13-CV-00073-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

    Misty Tilghman appeals from two district court orders that resolved her suit in

favor of defendants Ron Kirby and the Comanche County Board of County

Commissioners ("the Board").  The first order granted summary judgment on

Ms. Tilghman's claims for (1) hostile work environment sexual harassment under the

Oklahoma Anti-Discrimination Act ("OADA") and (2) violation of her constitutional

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

rights under 42 U.S.C. § 1983.[1]  The second order granted summary judgment for the Board on Ms. Tilghman's claim for retaliation under the OADA, and further concluded she could not state a cognizable claim under the OADA for the Board's failure to post a job opening.  Exercising jurisdiction under 28 U.S.C. § 1291, we  affirm.[2]

## I.  BACKGROUND

In December 2008, Ms. Tilghman was hired as a secretary to Mr. Kirby, an elected county commissioner.  She read and understood the employee personnel policy handbook.  Aplt. App., Vol. IV at 237.  It outlined the County's policy against sexual harassment and instructed employees to report any incidents to the "immediate attention" of their supervisor, anyone in their supervisory chain of command, any commissioner, the district attorney, or any assistant district attorney.  *Id.* Vol. II at 92.  The handbook required the person receiving any such report to "promptly investigate all allegations of harassment . . . and take appropriate corrective action if

---

[1] Despite the district court's reference to the "Defendants" in disposing of both claims, we understand Ms. Tilghman's first amended complaint to allege an OADA claim for sexual harassment only against the Board and a § 1983 claim against both Mr. Kirby in his individual capacity and the Board.

 The first order also granted summary judgment for Mr. Kirby on Ms. Tilghman's claim for intentional infliction of emotional distress.  She does not challenge that ruling on appeal.

[2] Ms. Tilghman sued Mr. Kirby in his individual capacity and in his official capacity as County Commissioner.  As to the latter, the law regards the official capacity claim as a claim against the County.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Barney v. Pulsipher*, 143 F.3d 1299, 1306 n.4 (10th Cir. 1998); *Myers v. Okla. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).  Accordingly, our affirmance of summary judgment for the Board is also an affirmance of summary judgment against Mr. Kirby as County Commissioner.

warranted." *Id.* Ms. Tilghman did not report Mr. Kirby's conduct according to this protocol.

Ms. Tilghman did share her complaints about Mr. Kirby with a co-worker, Carrie Tubbs, whom she considered to be her supervisor in addition to Mr. Kirby. *See id.*, Vol. II at 101. The record, however, does not show Ms. Tubbs was Ms. Tilghman's supervisor. Ms. Tilghman could have reported the harassment to County Commissioner Gail Turner, who told Ms. Tilghman about the job opening with Mr. Kirby and was someone she trusted. *Id.*, Vol. X11 at 1239. But she did not do so.

Ms. Tilghman alleged in her first amended complaint ("complaint") that Mr. Kirby harassed her starting shortly after she started her job in late 2008 and continuing through mid-February 2012, when Mr. Kirby resigned following the execution of search warrants for pornography on his office computer and cell phone. On April 27, 2012, she filed a notice of tort claim with the county clerk. *Id.*, Vol. V at 289.

According to Ms. Tilghman, shortly after she filed the notice, her new supervisor, Mr. Turner, began to fault her job performance. In mid-May of 2012, Mr. Turner told Ms. Tilghman that she needed to be on time for work. After she arrived late again on June 6, Mr. Turner reminded her that she needed to be on time and also told her to spend less time at work on personal business, including personal phone calls. *Id.* at 357, 389. Ms. Tilghman offered to quit, but Mr. Turner told her, "No, you don't have to quit, but we need to improve some things." *Id.* at 361.

- 3 -

Ms. Tilghman left for lunch and never returned. She took medical leave and eventually resigned.

In January 2013, Ms. Tilghman sued Mr. Kirby and the Board.

## II. **SUMMARY JUDGMENT**

We review a district court's summary judgment de novo and must view the evidence in the light most favorable to Ms. Tilghman as the non-moving party. *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If a reasonable jury could return a verdict for the nonmoving party, summary judgment is inappropriate." *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015) (quotation omitted).

### A. *Hostile Work Environment*

Our analysis of the OADA claim is limited to the Board. As noted previously, we do not read Ms. Tilghman's complaint as suing Mr. Kirby individually for hostile work environment sexual harassment under the OADA. But even if it did, no such claim lies as a matter of law. "The relief granted under Title VII is against the *employer*, not individual employees . . . ." *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quotation omitted). Accordingly, Ms. Tilghman's hostile work environment claim cannot proceed against Mr. Kirby in his individual capacity because he is not an employer. *See* Okla. Stat. tit. 25, § 1301 (defining an employer as the entity that pays an individual's salary or wages).

1. **Legal Background**

The parties agree that Ms. Tilghman's hostile work environment sexual harassment claim under the OADA should be analyzed similarly to a Title VII claim. Ms. Tilghman must "show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Morris*, 666 F.3d at 663 (quotation omitted). The Board does not contest the first element, and the district court granted summary judgment on the second.

Even if the evidence is sufficient for Ms. Tilghman to avoid summary judgment on whether Mr. Kirby's conduct was sufficiently severe or pervasive to create an abusive working environment, the Board is nonetheless entitled to summary judgment based on an affirmative defense that we discuss below.

2. **Analysis**

The record shows that Mr. Kirby engaged in offensive behavior toward Ms. Tilghman over the three-plus years she worked for him. We do not determine, however, whether a reasonable jury could find that his conduct created an actionable hostile work environment because summary judgment for the Board can be affirmed on an alternative ground.

The Board is not vicariously liable for Mr. Kirby's harassment if it can establish the affirmative defense announced in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

*See Kramer v. Wasatch Cty. Sheriff's Office*, 743 F.3d 726, 745 (10th Cir. 2014).

The district court granted summary judgment to the Board based on its analysis of

Mr. Kirby's conduct and did not address the Board's *Ellerth/Faragher* defense,

which the parties had briefed. Because Ms. Tilghman had a fair opportunity to

address this issue in the district court, we can decide the issue on appeal. *See*

*Schanzenbach v. Town of Opal,* 706 F.3d 1269, 1272 (10th Cir. 2013) (quotation

omitted) ("We can affirm on any ground supported by the record, so long as the

appellant has had a fair opportunity to address that ground.")

"Th[e] [*Ellerth/Faragher*] defense has two necessary elements: (a) that the

employer exercised reasonable care to prevent and correct promptly any sexually

harassing behavior, and (b) that the plaintiff employee unreasonably failed to take

advantage of any preventive or corrective opportunities provided by the employer or

to avoid harm otherwise." *Kramer*, 743 F.3d at 745 (quotations omitted). The Board

"bears the burden to prove both prongs of the defense by a preponderance of the

evidence." *Id*. at 746. This requires the Board to "prove both that it *acted* reasonably

in preventing and correcting harassment and that [Ms. Tilghman] unreasonably *failed*

*to act* by not utilizing complaint opportunities. The [Board] will lose this defense if

it fails either prong." *Id*. (quotation omitted).

"To win summary judgment on the [*Ellerth/Faragher*] defense, [the Board]

must support its motion with credible evidence that would entitle it to a directed

verdict if not controverted at trial." *Id*. (ellipses and quotation omitted). This means

that the Board must demonstrate the lack of any disputed material fact and that no

reasonable jury could decide that the Board failed to act reasonably and that it was reasonable for Ms. Tilghman not to follow the protocol and report Mr. Kirby's alleged harassment. *See id.* The Board met this burden.

First, the Board took reasonable means to prevent and promptly correct sexual harassment. The County implemented a policy against sexual harassment and instructed employees to immediately report any incidents to their supervisor. Allowing for the possibility that the supervisor might also be the alleged offender, the policy listed others, including any commissioner, the district attorney, or assistant district attorney, to whom a report could properly be made. As to correcting the harassment, the policy required the person receiving the complaint to promptly investigate the matter and take corrective action where appropriate. Ms. Tilghman failed to report any incidents as per the policy, so the Board was not put on notice to take corrective action.[3]

Second, Ms. Tilghman "unreasonably failed to take advantage of any preventive or corrective opportunities" provided by the Board. Although her direct supervisor was also her alleged harasser, she never explained why she failed to report the misconduct to another commissioner, including Mr. Turner—a person she

---

[3] In contrast, the record shows that when Ms. Tubbs complained to Mr. Turner about Mr. Kirby's alleged harassment, the action taken was "reasonably calculated to end the harassment and deter future harassers." *Kramer*, 743 F.3d at 747 (quotations omitted). Indeed, the investigation led to the execution of search warrants for Mr. Kirby's computer and cell phone, which was followed shortly by Mr. Kirby's resignation. *See* Aplt. App., Vol. V at 349-52.

trusted—or the district attorney's office.  She complained to Ms. Tubbs, but Ms. Tubbs was not Ms. Tilghman's supervisor.

A failure to complain may not alone demonstrate unreasonableness as a matter of law.  *Id*. at 751-52.  But unlike *Kramer*, where there was evidence from which a jury could find that the plaintiff's failure to complain was not unreasonable because she feared retaliation and her prior complaints had been ignored, *id*. at 751-53, there is no evidence that Ms. Tilghman had made any prior complaints that went unaddressed or that Mr. Kirby had threatened her job.

We therefore affirm summary judgment in favor of the Board on the sexual harassment claim under the *Ellerth/Faragher* defense.

## B. *§ 1983*

In her complaint, Ms. Tilghman sued both Mr. Kirby individually and the Board under § 1983.  The district court held the § 1983 claim failed because "more is required under § 1983 to establish a sexual harassment claim than under Title VII." Aplt. App., Vol. XI at 1039.[4]

In her appellate brief, Ms. Tilghman limits her arguments to whether the Board should be liable under § 1983.  She does not contest the district court's summary judgment in favor of Mr. Kirby in his individual capacity.  Her briefing leaves us no choice but to affirm that ruling.

---

[4] Ms. Tilghman also alleged a due process violation, but we cannot find anything in the record where she developed this argument, and it is therefore not at issue in this appeal.

As to the Board, we affirm summary judgment on the § 1983 claim. Even if Mr. Kirby's conduct violated Ms. Tilghman's constitutional rights, the Board "can be held liable under § 1983 only if Mr. [Kirby's] actions can be characterized as representing an official policy or custom of the [Board]." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996). "[I]t is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983. . . . Simply employing a tortfeasor is not enough to establish liability under § 1983." *Id.* (ellipses, citation and quotation omitted). Where "there is no . . . evidence suggesting the [Board] had an official policy favoring sexual harassment [and instead] . . . there is evidence the [Board] had a written . . . policy expressly forbidding it," there is no liability. *Id.*

This rule applies except when a "practice is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* (quotation omitted). But there is no evidence of a permanent practice or custom here. Nor can the Board be liable without evidence that Mr. Kirby—the official charged with sexual harassment—had "'final policy making authority' with respect to the acts in question as a matter of state law." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality)). Although Mr. Kirby may have had authority to hire and fire his personal assistant, Ms. Tilghman, there is no evidence that his alleged acts of harassment were the "official policy" of the Board. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). Under these facts, the Board is not liable for a § 1983 violation committed by Mr. Kirby.

In sum, we affirm summary judgment for Mr. Kirby and the Board on the § 1983 claim.

## C. *Retaliation*

The parties agree that Ms. Tilghman's OADA retaliation claim against the Board should be analyzed similarly to a Title VII claim. She argues that, shortly after she filed a notice of tort claim in April 2012, her new boss, Mr. Turner, began to fault her job performance. As explained earlier, Mr. Turner counseled her in mid-May about tardiness. Then in early June, Ms. Tilghman showed up for work at 10:00 a.m., without calling in. Mr. Turner again told her about the need to be on time and not to spend so much time on her personal business. Ms. Tilghman offered to quit, but Mr. Turner said "No, you don't have to quit, but we need to improve some things." Aplt. App., Vol. V at 361. Ms. Tilghman left for lunch and never returned to work.

To state a prima facie case of retaliation under Title VII, Ms. Tilghman must show: "(1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1219 (10th Cir. 2013) (quotation omitted). As to the second element, "a plaintiff must show a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Johnson v. Weld Cty.*, 594 F.3d 1202, 1216

- 10 -

(10th Cir. 2010) (quotation omitted).  In making this determination, it "is necessary to separate significant from trivial harms, . . . petty slights, minor annoyances, and simple lack of good manners. . . .  Otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."  *Id.* (citations and quotation omitted).

Mr. Turner's speaking to Ms. Tilghman about her tardiness and personal activities at work was not a materially adverse employment action.  Ms. Tilghman does not deny she was often late or spent a lot of time on personal business at work.  Instead, her "defense" is that there had been "no change in her performance," Aplt. Opening Br. at 33.  But this begs the question of whether Mr. Turner took adverse action.  Because no reasonable jury could find that Ms. Tilghman suffered a materially adverse employment action, summary judgment in favor of the Board was appropriate.

D.  *Failure to Post*

Ms. Tilghman attempted to state a claim against the Board under the OADA arising from the Board's alleged failure to post a job that was given to Ms. Tubbs.  We agree with the district court that Ms. Tilghman failed to present evidence of actionable discrimination.  *See* Okla. Stat. tit. 25, § 1302 (protecting against discriminatory employment practices based on "race, color, religion, sex, national origin, age, genetic information or disability").

On appeal, Ms. Tilghman appears to concede that the failure to post a job opening is not actionable under the OADA, but argues that the failure-to-post claim

- 11 -

is linked to gender discrimination.  Ms. Tilghman did not make this argument in the district court, and we therefore will not consider it for the first time on appeal.  *See McDonald v. Kinder-Morgan, Inc*., 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

## III. **CONCLUSION**

We affirm the district court's judgment.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge